BEN EDENS v. THE STATE.

No. 12342. Delivered February 20, 1929.

The opinion states the case.

*B. W. Ashworth* and *C. E. Forrall* of Dallas, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, wilfully refusing to support children under sixteen years of age; penalty, thirty days in the county jail.

The only question necessary to pass on is the sufficiency of the evidence. Briefly, it is shown that appellant's wife procured a divorce from him in March, 1928, at which time there were eight children by their marriage, seven of whom were under sixteen years of age; that no judgment at the time making disposition of the custody of these children was entered; that they continued to live with their mother; that there was community property at the time, which was divided between them equally, except that the wife apparently received the household goods; that it in most part consisted of town lots and that it was of the approximate value in round numbers of two thousand dollars. Appellant sold what he received from this settlement and bought a stock of merchandise and operated a store on and prior to July 3, 1928, which was the date the offense is charged to have been committed. For the State it was shown that appellant had prior to July 3, 1928, given his children but $7.95. The evidence for the State further tends to show that on and prior to July 3, 1928, he was as able as his wife to contribute to their support, he having received practically the same amount of property that she did. There is testimony in the record going to show that his store burned after July 3, 1928, and that he was at the date of the trial without funds. He disputes also the State's testimony with reference to his contributions to the children. The jury, however, resolved this issue against appellant and there being evidence to support the finding of the jury, we are without authority to disturb such finding. Evidence for the State tended further to show that practically all the children had to live on during this interval was from profits made on a little grocery store run by the wife of appellant and which she said did not contain a stock in excess of $175.00. She testified that they were in need of clothing and the necessities of life during this time.

We deem the evidence sufficient to show that on and prior to July 3, 1928, appellant wilfully and without justification refused to provide for the support and maintenance of the children shown to have been at the time under the age of sixteen years, and being then in destitute and necessitous circumstances.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.